T.C. Memo. 1999-403


UNITED STATES TAX COURT


TIMOTHY KLUSKEN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13482-98.                    Filed December 13, 1999.


Timothy Klusken, pro se.

Ric D. Hulshoff, for respondent.


MEMORANDUM OPINION


NAMEROFF, Special Trial Judge:  Respondent determined a deficiency in petitioner's 1996 Federal income tax of $2,404. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue.

The issues for decision are:  (1) Whether petitioner is liable for self-employment tax on amounts that he received from Strategic Telecom Systems, Inc. (Strategic); and (2) whether petitioner is entitled to deductions greater than the amount

claimed on Schedule C and allowed by respondent in the notice of deficiency.[1]

Some of the facts have been stipulated and are so found. The written stipulation of facts and supplemental stipulation of facts, with the attached exhibits, and the oral stipulation are incorporated herein by this reference. At the time the petition was filed, petitioner resided in Los Angeles, California.

During the year at issue, petitioner became involved with Strategic, a company which sells prepaid phone cards. Strategic operates a multilevel marketing arrangement wherein a sponsor recruits downline distributors, who then recruit additional representatives beneath them. The upline distributors earn commissions on the sales generated by those below them. This is typically known as a "pyramid" system.

On February 7, 1996, petitioner signed an "Independent Representative Application and Agreement" (agreement) with Strategic. In signing the agreement, petitioner became eligible to sell and distribute Strategic's goods and services and to receive commissions in connection with such sales. Petitioner also agreed that he "is an independent contractor not an agent, employee or franchisee of the Company" and that he will not be

---

[1] At trial, counsel for respondent questioned the substantiation of expenses petitioner claimed on his Schedule C. We note that in the notice of deficiency all of petitioner's claimed expenses were allowed, and we do not examine the substantiation of those items.

treated as an employee of Strategic "for federal or state tax purposes".  Petitioner agreed therein that he "will pay all applicable federal and state income taxes, self-employment taxes, sales taxes, local taxes, and/or local license taxes".  It is also stated in the agreement that "remuneration will consist solely of commissions, overrides and/or bonuses relating to the sales or other output derived from in-person sales, solicitations or orders from ultimate consumers".

On February 10, 1996, petitioner's mother, on behalf of petitioner, purchased a money order payable to Strategic for $328.14.  This was the cost to initiate a distributorship with Strategic.  Petitioner's sponsor (or upline distributor) was Luan Schaff-Hahn (Ms. Schaff-Hahn).

There were downline independent representatives assigned to be below petitioner, and he received periodic checks from sales generated downline.  Petitioner also received commission reports. Petitioner received a Form 1099-MISC for tax year 1996 from Strategic showing that he received $19,200 as nonemployee compensation and $1,155 for prizes and awards.  Petitioner reported this income on Schedule C filed with his 1996 return.

The parties orally stipulated that petitioner was not an employee of Strategic at any time, did not lend funds to Strategic, and never purchased or held stock of Strategic.  The parties orally further stipulated that the amounts petitioner

received from Strategic did not constitute compensation for employment or for any employment-related activities, nor were they repayments of funds or dividends issued with respect to stock.

Petitioner also claimed expenses of $567.99 on Schedule C which consisted of $67.35 for Internet access fees, $157.50 for maintenance dues, $15 for postage, and $328.14 for the startup kit/initiation fee. As a result, petitioner reported a net profit of $19,787.

In the notice of deficiency, respondent determined that petitioner was liable for self-employment tax (and entitled to the self-employment tax deduction) on $19,787.

Petitioner contends that he is not liable for self-employment tax since he was not involved in this activity with continuity and regularity. Petitioner argues that he did not sell any of Strategic's product and that he did not recruit any downline distributors. He claims that Ms. Schaff-Hahn or someone above her recruited the downline distributors and placed them below petitioner.

Additionally, petitioner contends that he paid maintenance fees of roughly $75 per month to maintain his distributorship. Petitioner authorized Strategic to charge his credit card monthly in exchange for a "Monthly Collector Series Single IRC", which petitioner testified was a collector's phone card. Petitioner

claimed a Schedule C deduction of $157.50 for 2 months of these maintenance fees but alleged that he paid this fee every month in 1996. We held the record open for 45 days to allow petitioner to provide documentation to substantiate any additional expense. Petitioner provided two credit card statements that show he paid a total of $157.50 to Strategic. Petitioner also provided a packing list which shows that Strategic sent a product to petitioner in November 1996 in connection with the "Automatic Monthly Reorder" petitioner authorized. Petitioner did not provide any further documentation.

Section 1401 imposes a tax on a taxpayer's self-employment income. Self-employment income includes the net earnings from self-employment derived by an individual during the taxable year. See sec. 1402(b). Net earnings from self-employment income means gross income derived by an individual from any trade or business carried on by the individual, less any attributable deductions. See sec. 1402(a). An individual is engaged in a trade or business if the individual's activities are conducted with continuity and regularity and primarily for income or profit. See sec. 1402(c); Commissioner v. Groetzinger, 480 U.S. 23, 35 (1987). The trade or business may be carried on by an individual "either personally or through agents or employees." Sec. 1.1402(a)-2(b), Income Tax Regs.

Petitioner contends that he did not perform any services for Strategic during 1996, and that therefore there was no continuity or regularity in the activity. Petitioner may not have performed any sales or recruiting activities himself during 1996; nonetheless, sales activities were performed by petitioner's downline representatives, and the income that petitioner received was derived from those activities. As we understand Strategic's sales structure, the representatives performing the sales activity were petitioner's agents. Therefore, there was continuity and regularity in sales from which petitioner benefited, and the income petitioner received was derived from a trade or business. See Abraham v. Commissioner, T.C. Memo. 1988-412. Accordingly, we hold that petitioner is liable for self-employment tax on the net income earned from Strategic.

We next consider whether petitioner is entitled to deduct any additional $75 monthly fees allegedly paid for the collector's phone card. Section 162(a) allows a deduction for the ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. It is not clear from the record whether this fee was mandatory to maintain the distributorship. The terms of the agreement specifically state that petitioner is not required to purchase Strategic's products after the initial purchase of the startup sales kit. Petitioner has not established that the collector's phone card fee was an

ordinary and necessary expense of his business.  Rather, it appears that petitioner was purchasing a product.  In any event, petitioner did not substantiate any amount of expenditure greater than the amounts claimed on the return and not disallowed in the notice of deficiency.  Therefore, petitioner is not entitled to a deduction for these purchases.[2]

On the basis on the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.

---

[2]  The record contains a document that shows that petitioner paid $29 to Strategic on Dec. 30, 1996, for "Annual Renewal". Petitioner stated that this was for renewal of the distributorship.  This amount is de minimis and will not affect the tax computation, even if not originally claimed.